IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RAVENEAUX, LTD.; dba RAVENEAUX | § | CASE NO: 05-32734 |
| COUNTRY CLUB | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 11 |
| | § | |
| STEAMBOAT CAPITAL II LLC | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-3151 |
| | § | |
| RAVENEAUX LIMITED, *et al* | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION

For the reasons set forth below, the Plaintiff's Motion for Summary Judgment [docket no. 14] is granted in part and denied in part.

### Background

The disputes in this adversary proceeding arise out of a commercial financing transaction pursuant to which Raveneaux, Ltd. ("Raveneaux") borrowed $9,250,000. Raveneaux is the owner of a golf course development and country club located in Northwest Houston, Texas. The facility is well-known in the Houston area. Raveneaux's facilities contain 12 tennis courts, a junior-olympic size swimming pool, over 40,000 square feet of clubhouse space and a 36 hole golf course. The facility is located on 279 acres.

Raveneaux's payment obligation under the loan was guaranteed by Anthony M. Kindred ("Kindred") and Wesley A. Kirkham ("Kirkham"). The loan was originally made by NationsCredit Commercial Corporation. Steamboat Capital LLC ("Steamboat") claims to be the current owner and holder of the $9,250,000 note and loan documents. Kindred and Kirkham dispute that Steamboat is the owner and holder of the note and guaranty.

Page 1

On February 24, 2005, Raveneaux filed chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. After the bankruptcy case was filed, existing state court litigation was removed to this Court. Among other things, the state court litigation concerned Kindred and Kirkham's guarantor liability. Steamboat's Motion for Summary Judgment seeks a judgment against Kindred and Kirkham based on their guaranty.

## Legal Standard

"A motion for summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Pluet v. Frazier*, 355 F.3d 381, 383 (5th Cir. 2004). Material issues are those which could affect the outcome of the action. *Wyatt v. Hunt Plywood, Co. Inc.*, 297 F.3d 405, 409 (5th Cir. 2002). Upon a motion for summary judgment, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994). The court then views the facts in the light most favorable to the non-moving party. *St. David's Health Care Sys. v. United States*, 349 F.3d 232, 234 (5th Cir. 2003) (citing *Wyatt*, 297 F.3d 409).

## Ownership of the Note and Guaranty

In their response to the Motion for Summary Judgment, Kindred and Kirkham challenge the admissibility of Steamboat's summary judgment evidence. Of particular relevance to the Court's decision, the Defendants challenge the affidavits of Dale Cooney. The affidavits—submitted as exhibits "A" and "N" to Steamboat's Motion for Summary Judgment—provide much of the evidentiary basis for the motion. Specifically, in Mr. Cooney's Exhibit "N" affidavit, Mr. Cooney states that he is an authorized agent of Steamboat and that the facts in the affidavit are based on his personal knowledge. Mr. Cooney then claims that Steamboat is the current owner and holder of the note that is the subject of this lawsuit. Despite the claim of

ownership of the note however, the Exhibit "N" affidavit does not reference ownership of Kindred and Kirkham's Guaranty. In the Exhibit "A" affidavit, Mr. Cooney states that Steamboat is the owner and holder of the note, the loan documents, and the guaranty. Therefore, Exhibit "A" appears to cover the evidentiary gap left by Exhibit "N". However, unlike the other affidavit, the Exhibit "A" affidavit purports to have personal knowledge of each fact stated within Steamboat's Motion for Summary Judgment, as opposed to the facts stated in the affidavit.

Kindred and Kirkham object to the admissibility of the Cooney affidavits on the grounds that the affidavits are not made based on actual personal knowledge. They further object that the statement regarding ownership is conclusory and therefore inadmissible.

It is true that an affidavit may not be based on "information and belief." *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003). Indeed, affidavits must be based on personal knowledge. *Id.* In the Exhibit "A" affidavit, Mr. Cooney states that the facts in the motion are within his personal knowledge. As a general rule, an affidavit that broadly states that all facts in the motion are correct and within the affiant's personal knowledge raises significant concerns to the Court. The Court prefers that the facts that are affirmed in an affidavit be contained within the affidavit itself. A review of the facts set forth in the motion raises substantial questions about the accuracy of the affidavit. For example, paragraphs 26 and 27 of the motion allege that the Raveneaux loan documents were assigned from Banc of America Commercial Credit to Banc of America Strategic Solutions, Inc. and subsequently sold to WAMCO 33, LLC. During both of these transactions, Steamboat was not a party. Therefore, while Cooney may have knowledge of this transaction, no further information is provided in the affidavit to show that he has personal knowledge of the transactions and none is apparent to the Court. Therefore, Kindred and Kirkham's objection to the Exhibit "A" affidavit is sustained. As to the Exhibit "N" affidavit, the Court denies the objection because Mr. Cooney claims to have personal knowledge of the

facts stated in the affidavit. Despite this conclusion, however, because the affidavit fails to address the guaranty, the motion lacks any summary judgment evidence regarding Steamboat's entitlement to enforce the guaranty.

The second issue is whether the statement of ownership of the note contained in the Exhibit "N" affidavit is an impermissible conclusory statement. The issue of whether the statement is impermissible depends upon the context in which it is made. Conclusory statements that are legal conclusions or mixed questions of law and fact are inadmissible as summary judgment evidence; factual statements are admissible. *In re Syntex Corp. Secs. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Indeed, factual statements as to ownership may be admitted in a summary judgment context. *Ames v. Ford Motor Co.*, 299 F. Supp. 678, 679 (S.D. Tex. 2003). A court must distinguish between claims of ownership that are statements of fact and thus admissible and claims that are conclusions of law which are inadmissible. *Iowa Health Sys. v. Trinity Health Corp.*, 177 F. Supp. 897, 912 (N.D. Iowa 2001).

The present litigation is not between two parties, each claiming ownership of the note. In such a context, the issue of ownership might turn on finer issues of law and thus make a simple statement of ownership conclusory. In the present case, only one entity claims ownership of the note. Further, a corporate officer—who claims to have personal knowledge of the facts—says that his company owns the note. Without more, that is a statement of fact. Accordingly, Kindred and Kirkham's objection to the Exhibit "N" affidavit on the ground that the statement of ownership is conclusory is overruled.

### Amount of Claim

Kindred and Kirkham have filed affidavits that raise substantial factual issues with respect to the amount owed by Raveneaux—and thus by them on the guaranties. Among other things, they challenge the amount and reasonableness of claimed attorneys' fees, the application

of certain forbearance payments made under previous Rule 11 agreements, and the inconsistency in the affidavits submitted by Steamboat regarding the true amount of debt owed.

Kindred and Kirkham's affidavits allege that they have calculated and applied all payments and charges on Raveneaux's note. Each concludes that the amount owed is not more than $8,139,223.40. Further, both Kindred and Kirkham's affidavits state, "this figure represents the amount owed by Raveneaux on the note after all lawful offsets, credits and payments have been applied." Because Steamboat has stipulated to the Defendants' figure, the Court finds that there is no disputed issue of fact regarding the amount owed.

### Liability

In their responses to requests for admission, the Defendants admit their execution of the Limited Guaranty and Indemnity Agreement. Despite this admission, both Kindred and Kirkham challenge whether the Limited Guaranty and Indemnity Agreement attached to the Motion for Summary Judgment is genuine. In raising that issue, the Defendants again challenge whether Mr. Cooney's affidavit is sufficient for the admissibility of the Limited Guaranty and Indemnity Agreement.

Kindred and Kirkham's argument is unavailing. The document is one that is purported to be signed by Kindred and Kirkham. Their signatures are notarized by Jean A. Perkins, a Texas notary public. Federal Rule of Evidence 902(8) provides that "[d]ocuments accompanied by a certificate of acknowledgement executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgements" are admissible without extrinsic evidence. Moreover, the guarantees are Kindred and Kirkham's. They are also admissible under FED. R. EVID. 801(d)(2).[1] Therefore, the principle remaining fact issue is Steamboat's alleged

---

[1] The Limited Guaranty and Indemnity Agreement is a written statement of Kindred and Kirkham's guaranty obligation. As such, Kindred and Kirkham's failure to object to authenticity of the document and instead object solely to whether the affidavit establishes the genuineness of the document evidences the fact that they do not

ownership of the guaranty, and not whether the guaranty was executed by Kindrick and Krikham.

### Additional Issues

With respect to the balance of the issues raised by Kindred and Kirkham, the Court rules as follows:

1. The Court has not considered any Summary Judgment exhibits not explicitly referenced in this Memorandum Opinion. Accordingly, objections to the balance of the exhibits are moot.

2. Kindred and Kirkham argue that § 502(d) precludes a judgment because of possible reductions in the amount owed to Steamboat on account of fraudulent transfer claims. This argument carries no weight. Under the terms of the guaranty, Kindred and Kirkham's liability is independent of any defenses that may be asserted against Steamboat.

### Conclusion

As stated above, while Mr. Cooney's Exhibit "A" affidavit purports to establish Steamboat's ownership of the guaranty, the affidavit is inadmissible for lack of personal knowledge. Further, despite the finding that Mr. Cooney's Exhibit "N" affidavit is based on personal knowledge, it does not establish Steamboat's ownership of the guaranty. Accordingly, a fact issue remains on whether Steamboat owns the note and guaranty.

Signed at Houston, Texas on September 1, 2005

**MARVIN ISGUR**
**United States Bankruptcy Judge**

---

seriously challenge it. Inasmuch as the guaranty is admissible independent of the Cooney affidavit, Kindred and Kirkham were obliged to raise a fact question if they wished to contest this obligation—to someone—on the guaranty.